UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CHESTER JOHNSON, a/k/a Chester Davidson,

                          Petitioner,

    -against-                                  9:16-CV-0659 (LEK)

SUPERINTENDENT,

                          Respondent.

**DECISION AND ORDER**

**I.    INTRODUCTION**

On June 10, 2016, Petitioner Chester Johnson, also known as Chester Davidson, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Dkt. No. 1 ("Petition"). This Court directed Respondent to answer the Petition and, on September 29, 2016, Respondent moved to transfer the case to the Second Circuit Court of Appeals as a second or successive petition. Dkt. No. 8 ("Motion to Transfer"). Petitioner filed a Response to the Motion to Transfer on October 19, 2016, Dkt. No. 10 ("Response"), and a Letter of Objection on October 21, 2016, Dkt. No. 11 ("Letter of Objection").[1] For the reasons that follow, this action is transferred to the Second Circuit Court of Appeals.

---

[1] The cited page numbers for the Petition, Respondent's Motion to Transfer, Petitioner's Response, and Petitioner's Letter of Objection refer to those generated by the Court's electronic filing system ("ECF").

## II. BACKGROUND

### A. The Petition

In June 1993, Petitioner pleaded guilty to and was convicted of, among other things, manslaughter in the first degree, and was sentenced to six to eighteen years in prison. Davidson v. David (Davidson II), No. 06-CV-7676, 2008 WL 5111289, at *1 (S.D.N.Y. Aug. 4, 2008), adopted by 2008 WL 5111877 (S.D.N.Y. Dec. 2, 2008). Petitioner was conditionally released to parole supervision on December 29, 2003, but was arrested less than four months later on April 10, 2004. Id. Petitioner was released on bail but was subsequently rearrested on May 5, 2004, on a parole violation warrant. Id. at 2.

Petitioner was prosecuted on various assault charges stemming from his actions on March 28, 2004, and April 10, 2004. Id. The jury found Petitioner guilty solely for the March 28, 2004 incident, and sentenced him to a one-year determinate sentence. Id.

A final parole revocation hearing was held on July 20, 2004. Id. Petitioner was found to be in violation of his parole and ordered to serve out the remainder of his 1993 sentence until the maximum expiration date. Id. at 3. Consequently, after serving his sentence on the 2004 assault conviction, Petitioner was returned to the custody of the New York State Department of Corrections and Community Supervision to serve out the remainder of his sentence for his 1993 conviction. Id.

Petitioner filed the instant federal habeas petition on June 7, 2016. Pet. at 15. Petitioner raises only one ground for relief, arguing that his constitutional right to due process was violated, and that he was entitled to additional jail-time credit against his 1993 manslaughter sentence for

the period of time he was in custody on the parole violation warrant and his conviction for the 2004 assault. Id. at 16–19.

Petitioner states that he filed a C.P.L.R. article 78 petition in state court challenging the parole jail time credit in 2007. Id. at 21. The Appellate Division, Third Department dismissed the Article 78 petition. Davidson v. State Dep't Corr. Servs. (Davidson I), 861 N.Y.S.2d 471, 473 (App. Div. 2008).The New York Court of Appeals denied leave to appeal on October 16, 2008. Davidson v. State Dep't Corr. Servs. (Davidson III), 897 N.E.2d 1082 (N.Y. 2008).

For a more complete statement of Petitioner's claim, reference is made to the Petition.

**B. Petitioner's Prior Habeas Petition**

On or about September 5, 2006, Petitioner filed a federal habeas petition pursuant to 28 U.S.C. § 2254 in the Southern District of New York. Davidson II, 2008 WL 5111289, at *1. Petitioner raised several claims in his 2006 habeas petition, including a challenge to the amount of jail-time credit he received while in custody on the parole revocation warrant until he was sentenced on December 15, 2004, for the 2004 assault conviction. Id. at *7.

On August 8, 2004, a magistrate judge in the Southern District recommended the petition be denied. Id. at 8. On December 2, 2008, the district court in Davidson II adopted the report-recommendation and dismissed the habeas petition in its entirety on the merits. 2008 WL 5111877, at *3.

**III. DISCUSSION**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") restricts the ability of petitioners to file second or successive petitions. It requires individuals seeking to file a second or successive petition to obtain leave of the appropriate court of appeals for an order authorizing

3

the district court to consider the second or successive application. 28 U.S.C. § 2244(b). A district court has no jurisdiction to decide a second or successive habeas petition on the merits without authority from the appropriate court of appeals. Burton v. Stewart, 549 U.S. 147, 153 (2007) (per curiam); Torres v. Senkowski, 316 F.3d 147, 149 (2d Cir. 2003).

Petitioner's current petition is successive because he is again challenging the calculation of certain jail-time credits he received in 2004. In fact, Petitioner acknowledges the instant petition is successive by stating that he previously filed a habeas petition in the Southern District of New York in 2006 that raised the same claim he is currently raising before this Court. Pet. at 3. The claim was denied on the merits by the Southern District in 2008 on the grounds that it was based solely on state law and was therefore not cognizable on habeas review. Davidson II, 2008 WL 5111289, at *8. Even assuming Petitioner's claim is not identical to the claim previously raised in the 2006 habeas petition, it certainly could have been raised. See James v. Walsh, 308 F.3d 162, 167 (2d Cir. 2002) ("Under the abuse-of-the-writ doctrine, a subsequent petition is 'second or successive' when it raises a claim that was, or could have been, raised in an earlier petition." (quoting McCleskey v. Zant, 499 U.S. 467, 493–95 (1991))).

When a district court is presented with a second or successive habeas petition, the appropriate procedure is for the district court to transfer the case to the circuit court pursuant to 28 U.S.C. § 1631 for a determination under 28 U.S.C. § 2244(b) as to whether the petitioner should be permitted to file a second or successive habeas petition in the district court. Torres, 316 F.3d at 151–52. Therefore, the Petition will be transferred to the Second Circuit for review.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Clerk of the Court transfer the Petition (Dkt. No. 1) to the United States Court of Appeals for the Second Circuit, pursuant to 28 U.S.C. § 1631, for a determination under 28 U.S.C. § 2244(b) as to whether Petitioner should be authorized to file a second or successive habeas petition in the district court; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on Petitioner in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:  October 27, 2016
        Albany, New York

_/s/ Lawrence E. Kahn_
Lawrence E. Kahn
U.S. District Judge